IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAFAEL VALENCIA, ET AL.,   }
                           }
    Plaintiffs             }
                           }       CIVIL ACTION NO.
vs.                        }
                           }       97-AR-2564-S
NORTH AMERICAN WARRANTY    }
SERVICES, INC.             }
                           }
    Defendant              }

FILED 97 NOV 25 PM 1:17 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED NOV 25 1997

**MEMORANDUM OPINION**

North American Warranty Services, Inc. ("North America"), the only remaining defendant in the above-entitled action that was brought in this court by Rafael Valencia and Elvira Valencia ("the Valencias"), has moved to dismiss based upon a forum selection clause contained in a "service contract" entered into by and between the parties and forming the basis of the action. That clause provides:

> VENUE: The parties hereto agree for purposes of litigation, the venue of the matter shall be in the appropriate Judicial District in the County of Dupage, State of Illinois, unless venue is required to be in the state wherein the service contract is purchased. Venue is then deferred to that state's requirement.

This provision has a feature which distinguishes it from forum selection clauses with which this court has previously dealt. The clause is unique in that it expressly defers to the public policy regarding forum selection in the state in which the contract is

1

purchased. Construing the contract against the drafting party, there is no other meaning that the clause can be given. Here, the transaction complained of took place within the State of Texas. The Valencias claim that there was fraud in the inducement, and therefore, without regard to where the contract was executed, the forum selection clause should not control. Secondarily, they argue that, if the clause is enforceable, the law of Texas frowns upon the contractual selection of a foreign forum, so that as between Illinois and Texas, the forum must be Texas.

It would be difficult to point to another court in the United States more likely to have learned its lesson with respect to the enforceability of forum selection clauses than this court. This learning experience includes lessons about controversies in which the forum selection clause is attacked for alleged fraud in the inducement. It also includes lessons about what a federal court is supposed to do about forum selection clauses that mandate venue in a <u>state</u> court. In *Stewart Organization v. Ricoh Corp.*, 713 F. Supp. 1414 (N.D. Ala. 1989), this court, by express instruction of the Eleventh Circuit, sent a case to a New York federal court when the forum selection clause being enforced, construed against the drafting party, called for jurisdiction in a state court in New York. A federal court has no power to transfer a case to a state court except in cases of a remand of an improvidently removed case.

The history of this court's learning process on the subject is

set forth in *Stewart v. Dean-Michaels Corp.*, 716 F. Supp. 1400 (N.D. Ala. 1989), a case cited neither by the Valencias nor by North American. If the parties want the final chapter of the story, they should also read *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131 (6th Cir. 1991).

As a result of its experience, this court has no doubt about the binding effect of this particular forum selection clause. The only debate surrounds the last sentence in the clause that gives deference to the law of the state of the transaction as the determining factor for deciding venue.

Does Texas agree with the Alabama public policy of 1980, as expressed by the Supreme Court of Alabama in *Red Wing Carriers, Inc. v. Foster*, 282 So. 2d 554, 556 (Ala. 1980)? Although plaintiffs insist on their right to select this court as their forum (a dubious right in light of the fact that this court doubts that it has long-arm jurisdiction over the transaction due to the inconsequential contacts with Alabama), their "fallback" position is that this particular forum selection clause would direct a transfer to Texas rather than to Illinois. They cite as their authority *Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718 (2d Cir. 1982), in which the Second Circuit said:

> Bense contends that this provision requires the application of Texas venue law, which he maintain disfavors forum-selection clauses. We do not agree that Texas venue law is applicable, since it is clear that the interpretation of the choice-of-law provision urged by Bense could not have been the intention of the parties.

683 F.2d at 721. The Second Circuit declined to express its opinion on Bense's assertion as to what is the relevant law of Texas on forum selection clauses. Assuming that litigant Bense made such a contention to the Second Circuit in 1982, he did not anticipate, and the Valencias do not cite to this court, *Accelerated Christian Education, Inc. v. Oracle Corporation*, 925 S.W. 2d 66 (Tex. 1996), in which the Court of Appeals of Texas recently nailed on the lid by saying:

> Forum selection clauses are valid in Texas. [citation omitted]. When a party contractually consents to the jurisdiction of a particular state, that state has jurisdiction over that party as long as the agreed-to state will enforce the type of forum selection clause signed by the parties.

925 S.W. 2d at 70 (emphasis supplied).

\* \* \*

> Appellant also misplaces his reliance on *Branum* [*International Travelers' Ass'n v. Branum*, 109 Tex. 543, 212 S.W. 630 (1919)]. At the time *Branum* was decided, most American courts viewed agreements that effectively deprived courts of jurisdiction as contrary to public policy and unenforceable. See *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 6, 92 S.Ct. 1907, 1911, 32 L.Ed.2d 523 (1972). However, since that time, courts have taken a more favorable view of forum selection clauses. See *id.* at 10, 92 S.Ct. at 1913 (noting that many courts are beginning to adopt a more hospitable attitude toward forum selection clauses); *see also Greenwood*, 857 S.W. 2d at 656; *Barnette*, 823 S.W. 2d at 369-70. This Court, in *Barnette*, opined that Texas public policy no longer prohibits enforcing forum selection clauses if the designated forum would enforce the clause at issue. See *Barnette*, 823 S.W. 2d at 370. Moreover, courts now consider forum selection clauses prima facie valid and enforceable absent a showing that enforcement would be unreasonable under the circumstances. See *M/S Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913; *Marklyn Controls Supply v. Pall Trinity Micro Corp.*, 862 F. Supp. 140, 141 (W.D. Tex. 1994). Given this recent trend toward enforcing valid forum selection clauses, we conclude the [Texas] Supreme

Court's decision in *Branum* is no longer controlling. 925 S.W. 2d at 73.

North American left it to this court to find the relevant law of Texas, perhaps because it did not really care whether the case travels to Texas or to Illinois, so long as it does not remain here. In fact, North American only seeks a <u>dismissal</u>, but this court will exercise its right to transfer instead. Because Texas does not protect its residents from the effect of the forum selection clauses its residents execute in Texas, even though possibly infected by fraud, this court will by separate order transfer this case to the United States District Court for the Northern District of Illinois, which contains the County of Dupage. Based upon its learning experience, this court ignores the language providing for a state court forum and finds that a federal court is "the appropriate Judicial District in the County of Dupage, State of Illinois."

DONE this 25th day of November, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE